**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DARRIS COLTON THOMAS, JR.,**

               **Plaintiff,**

      **v.**                                      **CASE NO. 18-3040-SAC**

**ROGER SOLDAN, et al.,**

               **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because the financial records show that plaintiff has no resources in his institutional account, the Court grants plaintiff

leave to proceed in forma pauperis. Plaintiff remains obligated to pay the $350.00 filing fee in installments, as funds become available.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The complaint identifies as defendants three officers employed at the Saline County Jail, Sheriff Soldan, Captain Fruits, and Corporal Hill. Plaintiff claims that on February 9, 2018, unnamed guards locked his pin and password out of the grievance kiosk for one hour, and that on the same day, an unnamed pod guard opened his cell

twice, putting him in danger (Doc. #1, p. 2). In Count 1 of the complaint, he alleges that on January 23, 2018, Corporal Hill advised him that his grievances were taken due to excessive property in his cell that created a fire hazard. In Count 2, plaintiff claims that grievance responses on January 10 and 11, 2018, did not address his claims properly. In Count 3, he alleges double jeopardy, self-incrimination, due process violations, and involuntary servitude. (Doc. #1, pp. 3-4). He seeks damages.

The Court has carefully reviewed the complaint and has identified several deficiencies.

First, plaintiff's claim of limited access to the grievance kiosk for one hour on one day does not present a claim of constitutional dimension. This brief restriction did not prevent plaintiff from pursuing relief, and, in general, a prisoner cannot present a viable due process claim based upon an unfair or inadequate grievance procedure. *See VonHallcy v. Clements*, 519 Fed.Appx. 521, 524 (10th Cir. 2013)(unpublished)(denying relief where prisoner claimed that prison director violated due process by providing an inadequate grievance system).

Next, plaintiff's claim that he was exposed to harm when his cell was opened on two occasions fails to state a claim for relief. The Prison Litigation Reform Act (PLRA) state that "[n]o civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). Plaintiff does not allege that he suffered any injury due to the opening of his cell, and he cannot proceed on this claim.

Plaintiff's claims that grievance materials were removed from

his cell and that he was dissatisfied with the responses to his grievances do not state a claim for relief. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, a prison grievance procedure does not create a protected liberty interest, and there is no constitutional right to a prison grievance procedure. *See Boyd v. Werholtz*, 443 Fed.Appx. 331 (10th Cir. 2011)(affirming dismissal of prisoner's claim arising from denial of access to grievance procedure) and *Walters v. Corrections Corp. of Amer.*, 119 Fed.Appx. 190, 191 (10th Cir. 2004)(finding no constitutional violation where prisoner alleged denial of access to administrative grievance procedure).

Finally, plaintiff's bare claims of double jeopardy, self-incrimination, and involuntary servitude do not state a claim for relief. Plaintiff makes no specific allegations of fact and does not identify any acts or omissions by a named defendant. Vague and conclusory assertions of a constitutional violation are insufficient to state a claim for relief under §1983. See Hall v. Bellmon, 835 F.2d at 1110 ("[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.") Accordingly, these claims are subject to dismissal.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence under 28 U.S.C. § 1915(b)(2) and shall continue until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including April 6, 2018, to show cause why this matter should not be dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 6th day of March, 2018, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```